CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2012

JULIA C. DUDLEY, CLERK
BY: /s/
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LACURTIS JAROD SMITH,** | ) | CASE NO. 7:12CV00440 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | |
| | ) | |
| **AMHERST COUNTY ADULT** | ) | |
| **DETENTION CENTER,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

LaCurtis Jarod Smith, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he should recover monetary damages because the Amherst County Adult Detention Center ("ACADC") has no law library, in violation of his constitutional right to access the courts. Upon review of the record, the court finds that the action must be summarily dismissed.

Smith presents his complaint on a printed § 1983 form and an attached sheet, on which he alleges the following relevant facts. Smith has three pending cases in which he is acting as his own defense counsel. On September 8, 2012, ACADC officials escorted Smith to the "so called law library" that the jail provides for inmates' legal research: "a[n] 8 X 12 room with a table, a chair, and 10 inch laptop computer [with] no V[irginia] Code law books, . . . and no a[m]endments and law[ ] change[s] . . . imputed daily"; "no printer, copier, fax machine not even a legal aide, advisor, or law clerk." (Compl 3.) Smith states that he is allowed to use the laptop computer once per week for half an hour. Smith asserts that he cannot "properly defend [himself] in a court of law," using these resources. Smith seeks a "cash settlement [of] $250,000" for this alleged deprivation of his constitutional rights.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Inmates have a constitutional right to reasonable access to the courts. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996); Bounds v. Smith, 430 U.S. 817. 838 (1977). In order to plead a claim that he was denied access to the courts, however, a plaintiff must identify, with specificity, a non-frivolous legal claim that the defendants' actions prevented him from litigating. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 353 n. 3. Even when an inmate defendant prefers to proceed pro se rather than depend on legal assistance the state provides, such as a court-appointed defense counsel or standby counsel, the Constitution does not require the state to provide both library access and legal assistance. See Spates v. Manson, 644 F.2d 80, 84-85 (2d Cir. 1981); Williams v. Leeke, 584 F.2d 1336, 1339 (4th Cir. 1978). If plaintiff fails to make specific allegations as to the actual injury sustained, the court may appropriately dismiss his claim summarily. See, e.g., Michau v. Charleston Co., 434 F.3d 725, 728 (4th Cir. 2006) (finding sua sponte dismissal appropriate where the plaintiff did not explain

how he was injured by any limitations on his access to a law library); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996).

Although Smith states that he has pending cases, he does not provide any information about the types of charges he faces, the status of those cases, or any particular defense for which he needs to do legal research. Most importantly, Smith does not allege that he has no access to state-funded assistance with his defense in the criminal proceedings, through appointment of a defense lawyer, or appointment of stand-by counsel who could assist Smith with legal research. Thus, Smith does not state facts showing any particular respect in which the alleged inadequacies of the research resources the jail provides have harmed his litigation efforts. Because Smith fails to state facts showing any deprivation of his constitutional rights for which he could recover monetary damages, the only form of relief he requests, the court will summarily dismiss without prejudice his § 1983 action under § 1915A(b)(1), for failure to state a claim. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of October, 2012.

_____
Chief United States District Judge